# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF OHIO

--------------------------------X

ZINO DAVIDOFF, S.A.                    :

                Plaintiff,          :

                  v.              :          **COMPLAINT**

BATH & BODYWORKS, INC., BATH &         :
BODYWORKS DIRECT, INC., BATH &
BODYWORKS, LLC, & BATH &
BODYWORKS BRAND MANAGEMENT, INC.

              Defendants.          :

--------------------------------X

Plaintiff Zino Davidoff SA ("Davidoff" or "Plaintiff"), by and through its attorneys, as and for its Complaint against Defendant Bath & Body Works, Inc. ("BBW Inc."), Bath & Bodyworks Direct, Inc., ("BBW Direct"), Bath & Bodyworks, LLC ("BBW LLC") and Bath & Bodyworks Brand Management, Inc. ("BBW Brand Management") (collectively, "BBW" or "Defendants"), allege, based on its knowledge, information, and belief formed after a reasonable inquiry pursuant to Rule 11 of the Federal Rules of Civil Procedure, as follows:

## NATURE OF THE ACTION

1.      This is an action for trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and deceptive trade practices under the statutory and common laws of the State of Ohio, arising out of Defendant's unauthorized use of a confusingly similar trade dress and trademark to Plaintiff's nationally and internationally-recognized trade dress for Plaintiff's COOL WATER eau de toilette and after shave fragrance products and its federally registered, incontestable trademark COOL WATER in connection with offering competing

fragrance and toiletry products, and thereby trading off of the goodwill and reputation of Plaintiff's trade dress and COOL WATER mark.

## INTRODUCTION

2.      Over 30 years ago, Davidoff debuted its iconic COOL WATER fragrance brand for men, inspired by the freshness of the ocean. Since then, Plaintiff has continuously used its COOL WATER mark throughout the country and world to identify an expanding line of high-quality fragrance and personal care products (the "COOL WATER Mark").

3.      With the launch of the product in the United States at least as early as 1989, Davidoff introduced a new look for its COOL WATER fragrance brand in the form of its distinctive, source-identifying trade dress notable for its rich yet transparent aqua blue color evocative of deep tropical waters, its tall clear rectangular-shaped bottle notable for its curved sides and slightly sloping shoulders, its thick glass foot, white lettering, and solid centered black elongated cap



(the "COOL WATER Trade Dress"), which it has used continuously the world-over since that time.

4.    As a result of Plaintiff's decades of use and promotion of the COOL WATER Trade Dress and Mark throughout the United States and the world, along with its extensive commercial success and consumer and industry recognition, the COOL WATER Trade Dress and Mark have become strong, well-known symbols to the consuming public of the popular fragrance and toiletry products offered by Plaintiff Davidoff.

5.    In or around 2018, after the conclusion of a prior trademark dispute between the parties over Defendants' adoption, attempted global registration, and use of the confusingly similar mark AQUA COOL for identical products, Defendants introduced their FRESHWATER line of fragrance and toiletry products, originally featuring a light celadon color and packaged in a hand-blown-style bottle noticeable for its rounded shoulders and thick clear glass foot (see pictures of the fragrance and lotions below):



6.    On information and belief, in 2021 BBW altered the color and appearance of its product packaging to imitate the appearance of the COOL WATER Trade Dress for its men's eau



de toilette product:                    (the "Infringing Trade Dress").

7.    Defendants' progressive encroachment upon Davidoff's COOL WATER Trade Dress and Mark is designed to, and is likely to, cause consumer confusion regarding the source, association, connection, or affiliation of the parties' respective products.

8.    In the fragrance and toiletries industry where there are so many competing products, product trade dress is critically important.  Fragrance companies spend hundreds of thousands of dollars to design eye-catching and recognizable and attractive bottles. The bottle is what people remember—it sits on the dresser or sink day-in and day-out, leaving an indelible imprint in the minds of consumers.

9.    Davidoff has invested considerable creative and financial resources and has spent decades building its world-renowned COOL WATER brand, at the center of which is its COOL WATER Trade Dress and Mark.  Defendants' imitation of Davidoff's iconic COOL WATER Trade Dress and COOL WATER Mark has and will, unless enjoined, irreparably damage Davidoff and the goodwill that it has worked tirelessly to develop over the past decades.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims pursuant to 15 U.S.C. § 1121 (trademark) and 28 U.S.C. §§ 1331 (federal question) and 1338 (trademark). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

11.     Defendants are subject to the personal jurisdiction of this Court because, among other things, Defendants have their principal place of business in the State of Ohio and in this judicial district, and each of the Defendants: (a) transacts business within this judicial district; and/or (b) commits the tortious acts of trademark infringement and unfair competition complained of herein in whole or in part within the State of Ohio.

12.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c), because the Defendants reside in and conduct business in this district, and the acts giving rise to the claims asserted are also being committed within this district.

## PARTIES

13.     Plaintiff Zino Davidoff SA is a joint stock company organized and existing under the laws of Switzerland, with an address of Sternengasse 18, 4051 Basel, Switzerland.

14.     On information and belief, Defendant Bath & Bodyworks, Inc. ("BBW Inc.") is a Delaware corporation with offices at Seven Limited Parkway, Reynoldsburg, Ohio 43068. On information and belief, BBW Inc. performs or oversees the creation, product and packaging design, and manufacturing of beauty products, including the FRESHWATER cologne at issue here. On information and belief, BBW Inc. also operates a number of commercial entities, in Ohio and nationwide, through which it sells fragrances and other products.

15. On information and belief, Defendant Bath & Bodyworks Direct, Inc. ("BBW Direct") is a Delaware corporation with offices at Three Limited Parkway, Columbus, OH 43230. On information and belief, BBW Direct conducts online sales on behalf of one or more Defendants through the website located at www.bathandbodyworks.com, and is responsible for the content of the website.

16. On information and belief, Defendant Bath & Bodyworks LLC ("BBW LLC") is a Delaware Limited Liability Company registered to do business in Ohio. Its registered agent, CT Corporation System, lists an address within this district at 4400 Easton Commons Way, Suite 125, Columbus, OH 43219. On information and belief, BBW LLC performs or oversees the creation, product and packaging design, and manufacturing of BBW beauty products, including the FRESHWATER cologne at issue here.

17. On information and belief, Defendant Bath & Bodyworks Brand Management, Inc. ("BBW Brand Management") is a Delaware corporation registered to do business in Ohio. Its registered agent, CT Corporation System, lists an address within this district at 4400 Easton Commons Way, Suite 125, Columbus, OH 43219. On information and belief, BBW Brand Management oversees the adoption, registration, and protection of trademarks and trade dress for BBW products, including the FRESHWATER cologne at issue here.

## FACTS COMMON TO ALL CLAIMS

### Davidoff's Business, COOL WATER Trade Dress, and COOL WATER Mark

18. Davidoff is a Swiss-based family business that has grown organically over the years. The brand reflects the qualities of its founder, Zino Davidoff—natural elegance and appreciation of fine quality, style, authenticity, and good living.

19.     Davidoff offers a variety of quality products, including beautifully crafted leather goods, luxury accessories like cufflinks, writing instruments, cognac, coffee and most notably, perfumes and personal care goods.

20.     At the heart of Davidoff's zest-for-life philosophy and brand is its iconic COOL WATER family of fragrance and personal care products, including the well-recognized original and distinctive COOL WATER Trade Dress, which Davidoff has used in commerce for decades:

 and the renowned COOL WATER Mark.

21.     Davidoff's COOL WATER brand is one of the fragrance industry's most successful and popular product lines, with fragrance offerings for both men and women, and iterations for men available as eau de toilette spray, parfum, aftershave, body spray, deodorant, shower gel, and body lotion.   COOL WATER brand fragrances include COOL WATER MAN (men); COOL WATER WAVE (men); COOL WATER NIGHT DIVE (men), COOL WATER INTENSE (men), COOL WATER AQUAMAN (men) and COOL WATER Caribbean Summer and COOL WATER Sea Rose Caribbean Summer for women, and more.

22.     Davidoff's distinctive, nonfunctional, source-identifying COOL WATER Trade Dress is recognizable for its rich yet transparent aqua blue color evocative of deep tropical waters,

its tall clear rectangular-shaped bottle notable for its curved sides and slightly sloping shoulders, its thick glass foot, white lettering, and solid centered black elongated cap. The COOL WATER Trade Dress indicates to consumers that they are purchasing fragrance and personal care products of the highest quality with Davidoff as the exclusive source.

23. A disruptor in the fragrance industry, Davidoff's COOL WATER line of products is the original marine fragrance for men embodying the freshness of the ocean and has made waves in the market since its launch in at least as early as 1988.

24. The iconic fragrance, introduced over 30 years ago, remains enormously popular today, maintaining both relevance and nostalgia for customers the world-over.

25. The faces of the COOL WATER brand over the years have been equally as iconic, including professional surfer Laird Hamilton, and actors Josh Holloway, Paul Walker and Scott Eastwood.

26. Today, Davidoff's COOL WATER line of products remains a top international men's fragrance and a bestseller in the United States, UK, Germany, and Italy.

27. Annual domestic and international sales and advertising of Davidoff's COOL WATER products bearing the COOL WATER Trade Dress have been substantial, leading consumers to associate the overall look and feel of the packaging exclusively with Davidoff and its COOL WATER brand.

28. Consumers can purchase the COOL WATER line of products online and at brick-and-mortar stores, including stores located at shopping malls such as Macy's and www.macys.com.

29. As a result of Davidoff's length and extent of use of the COOL WATER Trade Dress and Mark, along with, *inter alia*, the products' renowned and commercial success, extensive

advertising and sales figures, and significant consumer recognition, Davidoff enjoys robust common law rights in the COOL WATER Trade Dress and COOL WATER Mark.

30.     In addition to common law rights arising from use of the COOL WATER Trade Dress and the COOL WATER Mark, Plaintiff owns incontestable U.S. trademark Registration No. 1,735,965 for the mark COOL WATER for "toiletries; namely, eau de toilette, aftershave lotion, skin energizer (tonic), shower gel, shampoo, body lotion, personal deodorants and antiperspirants, and body soap" with a first use date in commerce at least as early as 1989.

31.     Davidoff also owns trademark Registration No. 5,964,097 for

COOL WATER (stylized) *Cool Water* for "Non-medicated soaps; perfumery, essential oils, cosmetics, hair lotions; scented linen water; liquid perfume, namely, eau fraîche; eau de Cologne; eaux de toilette; eau de parfum; perfumes; toiletries, namely, non-medicated toiletry preparations; shower gels; bath gels; bath liquids for cosmetic use; shower liquids for cosmetic use; bath foaming gel; shower foaming gel; bath foaming liquids for cosmetic use; cosmetic bath salts; skin lotions for cosmetic use; sanitary preparations being toiletries for body care, namely, non-medicated toiletry preparations; non-medicated stimulating lotions for body care; body lotions for cosmetic use; body moisturizing concentrates, namely, lotions for cosmetic purposes; pre-shave creams; shaving soap; shaving creams; shaving gels; after-shave products, namely, after-shave balms, after-shave cologne, after-shave cosmetic oils, after-shave creams, after-shave gel, after-shave face powder, after-shave lotions; deodorant soaps; deodorant sprays for personal use; deodorant sticks for personal use; antiperspirants."

32.     In addition, Davidoff owns registered trade dress rights in the bottle shape for its COOL WATER Trade Dress, namely, U.S. Registration No. 2,723,215 for the following product design for use in connection with "eau de toilette, aftershave lotion, [ skin energizing tonic, shower

gel, hair shampoo, body lotion, personal ] deodorant [, antiperspirant ]" with a first use in



commerce date of 1992: (the "Registered COOL WATER Bottle Design").

33.     Over the decades, Davidoff has also expanded on its original COOL WATER Trade

Dress to include new COOL WATER fragrance products sub-branded under the COOL WATER

Mark with product packaging that is evocative of the original COOL WATER Trade Dress,



including the COOL WATER Parfum product for men,                    ; the COOL WATER



INTENSE line of fragrance products for men,     ; a limited edition COOL



WATER Street Fighter product for men,     ; a COOL WATER Night Dive



product,                    , and more.

34.     As a result of Davidoff's regular product innovations and new or limited edition offerings under the COOL WATER family of men's fragrance products, customers have grown accustomed to encountering variations of the COOL WATER Trade Dress as source identifiers for Davidoff.

**Defendants' Adoption and Use of the Infringing Trade Dress and the Infringing FRESHWATER Mark**

35.     On information and belief Defendants offer for sale a wide range of personal care and fragrance products.

36.     Defendants are direct competitors of Davidoff in the personal care and fragrance business.

37.     On information and belief, Defendants own and operate, directly or through affiliates, more than 1500 "Bath & Body Works" branded retail stores nationwide, including retail stores located at shopping malls.

38.     On information and belief one or more of the Defendants owns and operates the website located at www.bathandbodyworks.com (the "BBW Website") where they market,

promote, and sell their products, including their FRESHWATER fragrance product for men bearing the Infringing Trade Dress.

39. In or around 2017-18 Davidoff objected to BBW's use of, and efforts to register, the confusingly similar mark AQUA COOL for products identical to those offered by Davidoff under the COOL WATER Mark.

40. On July 23, 2018, Davidoff filed a Notice of Opposition with the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office, Opposition No. 91242586, opposing BBW's U.S. registration of the AQUA COOL mark.

41. On information and belief, in or around 2018, after the conclusion of the parties' AQUA COOL dispute, BBW launched a new line of products for men under the name and mark FRESHWATER featuring trade dress consisting of a light celadon color and for its eau de toilette



product, a rustic hand-blown-style bottle with a thick clear glass foot:                    .

42. Thereafter, and decades after Davidoff launched its distinctive, source-identifying COOL WATER Trade Dress, Defendants adopted the Infringing Trade Dress, changing the FRESHWATER product packaging to closely resemble that of Davidoff's COOL WATER Trade Dress:

 

43.     On information and belief, Defendants promote and sell their line of FRESHWATER fragrance and personal care products, including their eau de toilette product bearing the Infringing Trade Dress on their BBW Website.

44.     The similarities between the two trade dresses are profound and not limited to any single element—the oblong bottle shape, the curved sides, slightly sloped shoulders, heavy foot, elongated but narrower rectilinear black cap, the liquid's dark aqua blue color, black cap, and white lettering featuring marks consisting of the same number of syllables, the same number of letters, recognizable for prefatory terms used interchangeably as synonyms when referring to water (e.g., FRESH and COOL), and the shared term WATER.

45.     Defendants' unauthorized use of the Infringing Trade Dress coupled with its confusingly similar product name for a competitive eau de toilette product is likely to cause confusion, or to cause mistake, or to deceive, to the detriment of Plaintiff and the public.

46.     Defendants' infringement of Plaintiff's COOL WATER Mark and COOL WATER Trade Dress has caused, and if not enjoined is likely to continue to cause, irreparable harm to Plaintiff.

47.     Plaintiff's incontestable trademark Registration Nos. 1,735,965 and 2,723,215 for the trademark COOL WATER and the bottle shape component of the COOL WATER Trade Dress, along with Defendants' prior dealings with Plaintiff as outlined above, provided Defendants with actual and constructive notice of Plaintiff's rights in the COOL WATER Mark and Trade Dress, rendering Defendants' infringement of Plaintiff's federally registered trademark and trade dress willful.

**FIRST CLAIM FOR RELIEF**
**(Infringement of Registered Service Mark – 15 U.S.C. § 1114(1))**

48.     Plaintiff incorporates the allegations in the preceding paragraphs of this Complaint as if fully set forth below.

49.     This cause of action is for infringement in violation of 15 U.S.C. § 1114(1) of Plaintiff's incontestable federally registered trademark COOL WATER for U.S. trademark Registration No. 1,735,965 for the mark COOL WATER for "toiletries; namely, eau de toilette, aftershave lotion, skin energizer (tonic), shower gel, shampoo, body lotion, personal deodorants and antiperspirants, and body soap."

50.     Defendants' use of the mark FRESHWATER for its eau de toilette product used in combination of the Infringing Trade Dress, is likely to cause the public to be confused, mistaken, or deceived as to the affiliation, connection or association between Defendants and their fragrance and personal care products, on the one hand, and Plaintiff and its fragrance and personal care products, on the other hand.

51.     Defendants' willful and unauthorized use of the confusingly similar FRESHWATER mark has damaged Plaintiff in an amount to be determined at trial.  Such use has also caused Plaintiff to suffer irreparable harm, and Plaintiff will continue to be irreparably harmed

unless and until Defendants' unlawful conduct is enjoined. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin and Unfair Competition – 15 U.S.C. § 1125(a))

52.     Plaintiff incorporates the allegations in the preceding paragraphs of this Complaint as if fully set forth below.

53.     This cause of action is for false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

54.     By virtue of Plaintiff's longtime, extensive, and continuous use of the COOL WATER Trade Dress and variations thereof, along with, *inter alia*, significant commercial success, widespread consumer recognition, worldwide accolades from the fragrance industry and press, and substantial advertising expenditures and sales over the course of almost 30 years, the COOL WATER Trade Dress and variations thereof acquired distinctiveness long prior to Defendants' adoption of the Infringing Trade Dress.

55.     Plaintiff's COOL WATER Trade Dress and variations thereof also symbolize Plaintiff and its high-quality fragrance and personal care products.

56.     If not enjoined, Defendants' use of the Infringing Trade Dress for competing fragrance products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by Plaintiff.

57.     Defendants' willful and unauthorized use of the Infringing Trade Dress has damaged Plaintiff in an amount to be determined at trial. Such use has also caused Plaintiff to suffer irreparable harm, and Plaintiff will continue to be irreparably harmed unless and until Defendants' unlawful conduct is enjoined. Plaintiff has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**(Deceptive Trade Practices – Ohio Rev. Code § 4165.01 *et. seq.*)**

58.     Plaintiff incorporates the allegations in the preceding paragraphs of this Complaint as if fully set forth below.

59.     Defendants' acts complained of herein constitute deceptive trade practices in violation of Ohio Rev. Code § 4165.01 *et seq.*

60.     Defendants' acts infringe Plaintiff's common-law rights in its long-established and distinctive COOL WATER Trade Dress and variations thereof and COOL WATER Mark, and are likely to cause confusion on the part of the buying public.

61.     Defendants' deceptive trade practices were committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's rights.

62.     Defendants' deceptive trade practices have caused Plaintiff monetary damages.

63.     Defendants' deceptive trade practices have also caused, and if not restrained by this Court will continue to cause, serious and irreparable injury to Plaintiff and to Plaintiff's hard-earned goodwill, for which Plaintiff has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**(Unfair Competition – Ohio Common Law)**

64.     Plaintiff incorporates the allegations in the preceding paragraphs of this Complaint as if fully set forth below.

65.     Defendants' acts complained of herein constitute unfair competition in violation of the common law of Ohio, as they are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants' products with those of Plaintiff, or as to the origin, sponsorship or approval of Defendants' products.

66.     Defendants have willfully engaged in acts of unfair competition.

67.     Defendants' acts of unfair competition have caused, and if not restrained by this Court will continue to cause, serious and irreparable injury for which Plaintiff has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in Plaintiff's favor and against Defendants, as follows:

A.     Plaintiff requests that this Court grant a preliminary and permanent injunction pursuant to the powers granted in under 15 U.S.C. § 1116, enjoining and restraining Defendants, their officers, agents, servants, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants from:

a.     Manufacturing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, sell, market, advertise or promote any of Defendants' goods that use, incorporate or emulate the COOL WATER Trade Dress or the COOL WATER mark or any confusingly similar variations or colorable imitation of Plaintiff's COOL WATER Trade Dress and/or COOL WATER mark, including, but not limited to goods that use or incorporate the Infringing Trade Dress and the FRESHWATER mark;

b.     Engaging in any activity that infringes Plaintiff's rights in its COOL WATER Trade Dress and variations thereof and COOL WATER Mark and variations thereof, including, but not limited promoting and selling any product bearing the Infringing Trade Dress and the FRESHWATER mark;

c.     Engaging in any activity constituting unfair competition with Plaintiff;

      d.     Making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

      e.     Registering or applying to register any trademark, service mark, domain name, trade name, trade dress, or other source identifier or symbol of origin consisting of or incorporating any mark that infringes or is likely to be confused with Plaintiff's COOL WATER Trade Dress and/or COOL WATER Mark, including the Infringing Trade Dress and the FRESHWATER mark; and

      f.     Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

B.    That Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

C.    That Defendants have violated Ohio Rev. Code § 4165.01 *et seq.* and have engaged in unfair competition in violation of Ohio common law.

D.    Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by

or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods.

E.      Directing Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials, whether physical or digital, that feature or bear any copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's COOL WATER Trade Dress and/or Mark, including the Infringing Trade Dress and FRESHWATER mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing any copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's COOL WATER Trade Dress and/or Mark, including the Infringing Trade Dress and FRESHWATER mark, and to immediately remove them from public access and view.

F.      Pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), directing Defendants to file with the court a written report, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction; and to serve such report upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may direct.

G.      Directing that Defendants account to and pay Plaintiff all profits realized by their wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), and/or

in accordance with Ohio Rev. Code § 4165.03(A)(2), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

H.      Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), as the Court finds appropriate to deter any future willful infringement.

I.      Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorney's fees thereunder (15 U.S.C. § 1117(a)), and/or awarding reasonable attorney's fees under Ohio Rev. Code § 4165.03(B).

J.      Awarding Plaintiff prejudgment and post-judgment interest on the foregoing sums.

K.      Awarding any other relief that the Court deems just and proper.

Respectfully submitted,

 /s/  *Deborah S. Brenneman*
Deborah S. Brenneman (0062113)
THOMPSON HINE LLP
10050 Innovation Drive, Suite 400
Dayton, Ohio  45342
Telephone:  (513) 352-6638
Facsimile:  (937) 443-6635
Debbie.Brenneman@ThompsonHine.com

*Attorney for Plaintiff Zino Davidoff SA*

OF COUNSEL:

Julia Anne Matheson
Elissa Brockbank Reese
Potomac Law Group, PLLC
1300 Pennsylvania Ave NW, Suite 700
Washington DC 20004
Telephone: (202) 251-6920
jmatheson@potomaclaw.com
ereese@potomaclaw.com